**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.<br><br>Debtor. | Chapter 11 Case.<br><br>Case No. 19-12417 (MEW) |

**ORDER APPROVING RETENTION AND APPOINTMENT OF**
**EPIQ BANKRUPTCY SOLUTIONS, LLC AS CLAIMS AND NOTICING AGENT FOR**
**DEBTOR UNDER 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), AND S.D.N.Y. LBR 5075-1 AND**
**GRANTING RELATED RELIEF**

Upon the application ("Application")[1] of HVI Cat Canyon, Inc. ("Debtor"), for an order pursuant to section 105 of title 11 of the United States Code §§ 101 *et seq*. ("Bankruptcy Code"), section 156(c) of title 28 of the United State Code and Rule 5075-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Rules") for authority to appoint and retain Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent to Debtor, and upon consideration of the Application and the Declaration of Regina Amporfro in support thereof; and Debtor having estimated that there are in excess of 1,000 creditors in this Chapter 11 case, many of which are expected to file proofs of claim; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized pursuant to 28 U.S.C. § 156(c) to utilize, at Debtor's expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Epiq has the capability and the experience to provide such services and that Epiq does not hold an interest adverse to Debtor or the estate respecting the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

relief requested therein in accordance with 28 U.S.C. §§157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application ("Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of Debtor, it's estate, creditors and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order; and it is further

**ORDERED**, that Debtor is authorized, pursuant to section 105(a) of the Bankruptcy Code, 28 U.S.C. § 156(c), and Local Rule 5075-1, to retain Epiq, and that Epiq is hereby appointed as the claims and noticing agent, effective as of the Petition Date, under the terms and conditions set forth in the Engagement Agreement annexed hereto as "Exhibit 1" as modified by this Order; and it is further

**ORDERED**, that paragraph 11.3 of the Engagement Agreement is stricken in its entirety and replaced with the following language:

> 11.3 This Agreement shall be governed by the laws of the State of New York, without regard to that state's provisions for choice of law. Client and Epiq agree that any controversy or claim arising out of or relating to this Agreement or the alleged breach thereof shall be settled by the United States Bankruptcy Court for the Southern District of New York or any other U.S. Bankruptcy Court exercising jurisdiction over the Client's chapter 11 case.

and it is further

**ORDERED**, that paragraphs 8(a) and 8(c) of the Engagement Agreement are stricken in their entirety; and it is further

**ORDERED**, that Epiq shall be liable only for damages resulting from its willful misconduct or gross negligence; and it is further

**ORDERED**, that Epiq, as the Claims and Noticing Agent, is directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in this case, and all related tasks, all as described in the Application (collectively, the "Claims and Noticing Services"); and it is further

**ORDERED**, that Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official Claims Registers for Debtor, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk; and it is further

**ORDERED**, that Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim; and it is further

**ORDERED**, that Epiq is authorized to take such other action to comply with all duties set forth in the Application; and it is further

**ORDERED**, that Debtor is authorized to compensate Epiq in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; and it is further

**ORDERED**, that Epiq shall maintain records of all services performed, showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on Debtor, U.S. Trustee, counsel to Debtor, counsel for any official committee appointed in this case, and any party-in-interest who specifically requests service of the monthly invoices; and it is further

**ORDERED**, that the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved; and it is further

**ORDERED**, that Epiq may hold its retainer under the Engagement Agreement during the chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement; and it is further

**ORDERED**, that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of Debtor's estate; and it is further

**ORDERED**, that Debtor shall indemnify Claims and Noticing Agent under the terms of the Engagement Agreement; and it is further

**ORDERED**, that all requests by Claims and Noticing Agent for the payment of indemnification as set forth in the Application and/or Engagement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and/or Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Claims and Noticing Agent be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

**ORDERED**, that in the event that Claims and Noticing Agent seeks reimbursement from Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Application and/or Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Claims and Noticing Agent's own applications, both interim and final, but determined by this Court after notice and a hearing; and it is further

**ORDERED**, that if Epiq is unable to provide the Claims and Noticing Services, Epiq will immediately notify the Clerk and Debtor's counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtor's counsel; and it is further

**ORDERED**, that Debtor may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Claims and Noticing Agent but is not specifically authorized by this Order; and it is further

**ORDERED**, that Debtor and Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

**ORDERED**, that, notwithstanding any term in the Engagement Agreement to the contrary, exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further shall rest with the U.S. Bankruptcy Court exercising jurisdiction over the Debtor's chapter 11 case.

**ORDERED,** that Epiq shall not cease providing claims processing services during the chapter 11 case for any reason, including nonpayment, without an order of the Court; and it is further

**ORDERED,** that in the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

Dated: August 9, 2019

New York, New York

    /s/ Michael E. Wiles
UNITED STATES BANKRUPTCY JUDGE