Snow Spence Green LLP
W. Ross Spence (ross@snowspencelaw.com)
Carolyn Carollo (carolyncarollo@snowspencelaw.com)
2929 Allen Parkway, Suite 2800
Houston, TX 77019
(713) 335-4800 – Telephone
(713) 335-4848 – Fax
*Attorneys for the County of Santa Barbara, California; Harry E. Hagen,*
*as Treasurer-Tax Collector of the County of Santa Barbara, California;*
*and Santa Barbara Air Pollution Control District*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                    :

                                          :        Chapter 11

HVI CAT CANYON, INC.,                     :

                                          :        Case No. 19-12417 (MEW)

Debtor.                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SANTA BARBARA COUNTY AIR POLLUTION CONTROL DISTRICT, COUNTY OF SANTA BARBARA, AND HARRY HAGEN, TREASURER AND TAX COLLECTORS' MOTION TO TRANSFER VENUE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………….    iii

JURISDICTION……………………………………………………    1

FACTS………………………………………………………………...    1

ARGUMENT AND AUTHORITIES…………………………………...    17

    In The Interests Of Justice……………………………………    20
        (i)    The transfer would promote the economic and efficient
              administration of the bankruptcy estate…………………    20
        (ii)   The interests of judicial economy would be served………    21
        (iii)  The parties would be able to receive a fair trial in
              each of the possible venues……………………………    21
        (iv)  Whether either forum has an interest in having the
              controversy decided within its borders…………………    22
        (v)   Whether the enforceability of any judgment would be
              affected by the transfer…………………………………    22
        (vi)  Whether the plaintiff's original choice of forum should
              be disturbed……………………………………………    22

    Convenience Of Parties…………………………………………    22
        (i)    Proximity of creditors of every kind to the court……….    22
        (ii)   Proximity of the debtor…………………………………    24
        (iii)  Proximity of witnesses necessary to the administration
              of the estate……………………………………………..    25
        (iv)  Location of the assets…………………………………    25
        (v)   Economic administration of the estate…………………...    26
        (vi)  Necessity for ancillary administration if liquidation
              should result…………………………………………….    26

CONCLUSION……………………………………………………..    26

## TABLE OF AUTHORITIES

11 U.S.C. § 1404…………………………………………………………   1

11 U.S.C. § 1408…………………………………………………………   1

11 U.S.C. § 1412…………………………………………………………   1, 19

28 U.S.C. § 157…………………………………………………………..   1

28 U.S.C. § 1334…………………………………………………………   1

28 U.S.C. § 1408…………………………………………………………   17-18, 27

28 U.S.C. § 1412…………………………………………………………   21


Rule 1014 of the Federal Rules of Bankruptcy Procedure……………   1, 18


*Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957)….   17

*Gulf States Exploration Co. v. Manville Forest Prods. Corp.*

*(In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990)…..   19

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)…………………………   18

*In re Dunmore Homes, Inc.*, 380 B.R. 668, 670-676

(Bankr. S.D.N.Y. 2008)…………………………………………………...   19-21, 23-27

*In re Enron*, 284 B.R. 376, 392 (Bankr. S.D.N.Y. 2002)…………………   25

*In re FRG, Inc.*, 107 B.R. 461, 471 (Bankr. S.D.N.Y 1989)……………….   17

*In re Patriot Coal Corp*, 482 B.R. 718, 738-39 (Bankr. S.D.N.Y. 2012)……   19, 24

*In re West Coast Interventional Pain Med., Inc.*, 435 B.R. 569, 575, 585

(Bankr. N.D. Ind. 2010)…………………………………………………..   20, 24-25

The Santa Barbara County Air Pollution Control District, the County of Santa

Barbara, California, and Harry Hagen, as Treasurer and Tax Collector of the County

of Santa Barbara[1] ("Movants"), move to transfer venue of this bankruptcy case to the

Northern Division or Los Angeles Division of the Central District of California

pursuant to 11 U.S.C. §§ 1404, 1408, 1412 and Rule 1014 of the Federal Rules of

Bankruptcy Procedure.  A proposed form of order granting the relief requested herein

is annexed hereto as **Exhibit A** ("Proposed Order"). Movants respectfully show as

follows:

## JURISDICTION

This court has jurisdiction over this motion to transfer venue pursuant to 28

U.S.C. §§ 157 and 1334.

## FACTS

HVI Cat Canyon, Inc. ("Debtor") filed this chapter 11 case in the United States

Bankruptcy Court of the Southern District of New York on July 25, 2019 asserting

that the Debtor's address is 630 Fifth Avenue, Suite 2410, New York, NY 10111.

[Doc. 1, p. 1]. In the same petition, the Debtor stated that its mailing address is in

Santa Maria, California, which is in Santa Barbara County. The Petition and the

accompanying Declaration were signed by Alex Dimitrijevic, the Debtor's President

and COO [Doc. 1, pp. 4, 14], who resides in California and works at the Debtor's

---

[1] Hagen, Treasurer and Tax Collector does not submit to the jurisdiction of this Court for determination of the Debtor's

corporate headquarters at 2617 Clark Avenue, Santa Maria, California 95454 and/or
1700 Sinton Road, Santa Maria, California 93458, at both of which is where the
Debtor's Books and Records are kept. [Depo. of Alex Dimitrijevic attached as
**Exhibit B**, p. 9 and *see* Doc. 1 at 20].

The Debtor is **NOT REGISTERED TO DO BUSINESS IN NEW
YORK**. In the State of New York, "[y]ou must file and pay the franchise tax on
general business corporations if:" (among other things) "you are a foreign corporation
(incorporated outside New York State) that does business, employs capital, owns or
leases property, maintains an office, or derives receipts from activity, in New York
State." https://www.tax.ny.gov/bus/ct/article9a.htm.  It appears that the Debtor has
never filed a franchise tax return with the State of New York.

The Debtor was formed as a Colorado corporation in 1997. [Doc. 1, p. 12].
The Debtor's Colorado Secretary of State filings have listed the Debtor's address as
being in Santa Maria, California since 2005.

The Debtor lists Rincon Island Limited Partnership as its affiliate, noting that
entity has a pending bankruptcy case in the Northern District of Texas. [Doc. 1, p. 2].
The petition from that bankruptcy case is attached as **Exhibit C**.  Rincon Island is
located in Ventura County, in the Central District of California, Northern Division.
https://en.wikipedia.org/wiki/Rincon_Island_(California).  The Debtor was the

tax liabilities.

- 2 -

general partner of Rincon Island Limited Partnership until the day of the latter's bankruptcy filing, when a newly-created Texas entity became the general partner.

The business that is operated at 630 Fifth Avenue, Suite 2410, New York, NY 10111 is The Greran Group. Per its website, "Greran Group is the Family Office for the Grewal family interests founded by Randeep Singh Grewal." *See* complete website attached as **Exhibit D**.

HVI Cat Canyon, Inc. is nowhere mentioned on the Greran Group website. Neither is Rincon Island Limited Partnership. The Debtor lists its 100% equity holder as GOGH, LLC, PO Box 5489, Santa Maria, California 93456. [Doc. 1, p. 10]. GOGH, LLC is not mentioned in the Greran website. GOGH, LLC is a Colorado entity which lists its principal address as 1700 Sinton Road, Santa Maria, CA 93458. **Exhibit E**.

Per the Debtor, GOGH, LLC is owned 100% by GIT, Inc. [Doc. 11, p. 3], also not mentioned in the Greran website. GIT, Inc. is a Colorado corporation which lists its principal address as 1700 Sinton Road, Santa Maria, CA 93458. **Exhibit F**. GIT, Inc. evidently entered into an Amended and Restated General & Administrative Services Agreement with the Debtor on July 1, 2019. [Doc. 14-2]. Under that agreement, GIT, Inc. and the Debtor agreed that their contract was governed by

- 3 -

California law and submitted themselves "to the exclusive jurisdiction of the courts within the County of Santa Barbara." [Doc. 14-2 at ¶ 14].

In one of its first-day motions in this case, Debtor requested authority to "continue transferring funds to its non-Debtor affiliates, GIT, Inc, California Asphalt Production, Inc. and GTL1, LLC." [Doc. 16 at ¶ 5]. None of those entities is mentioned in the Greran Group website. Exhibit D.  GTL1, LLC is a Colorado entity which lists its principal address as 1660 Sinton Road, Santa Maria, CA 93458. **Exhibit G**.  California Asphalt Production, Inc. is a California corporation which lists its principal address as 1660 Sinton Road, Santa Maria, CA 93458. **Exhibit H**.

None of GOGH, LLC, GIT, Inc., GTL1, LLC, or California Asphalt Production, Inc. are registered to do business as foreign corporations in New York. Indeed, it probably would be impossible to register GOGH, LLC, GIT, Inc., and GTL1, LLC as foreign corporations to do business in New York because there are already unrelated domestic New York entities with those names.

The Greran Group website states that Mr. Grewal "has founded several companies within the Greka Group and Grevino Group and is the major shareholder of a group of companies in the fields of energy, aviation, real estate, and the hospitality industry around the globe." Exhibit D. Further, the website states that

> The Greka Group and Grevino Group are composed of over fifty private and some publicly traded companies. Each company has strong

- 4 -

> governance practices and is overseen by a majority of independent
> directors.
>
> The Groups are administered through six offices located in London,
> New York, New Delhi, Hong Kong, Santa Maria and Zhengzhou with
> employees from thirteen countries.

Exhibit D at 5. As per the website, the Greka Group is one of two groups of companies below the New York office of Greran Group and the Grewal family interests. Within the Greka Group are (a) Greka Drilling Limited, a drilling company in Asia, (b) Greka Engineering and Technology in Zhengzhou, China, (c) Greka Gas Distribution Ltd. which operates compressed natural gas stations fed by other members of the group, (d) Greka Oil and Gas which owns "barrels of hydrocarbons in place … concentrated along the central coast of California," and (e) Greka Refinery in Santa Maria, California. Exhibit D at 8-10. Thus, the official website for the business located at the Debtor's purported New York address does not even mention the Debtor by name and strongly suggests that it is the office of a holding company over two other groups of holding companies which, in turn, have their principal offices around the world, one of which group office locations is in Santa Maria, California. Mr. Grewal formed his entity Grewal Family Holdings, LLC in California (**Exhibit I**), not New York (**Exhibit J**). There is no Greran Group entity in New York (**Exhibit K**).

- 5 -

The Debtor operates its business in the Counties of Santa Barbara, Orange, and Kern, all of which are in the Central District of California. *See* Declaration of Alex Dimitrijevic in U*nited States vs. HVI Cat Canyon, Inc.*, attached hereto as **Exhibit L**, at paragraph 101.

The "Debtor's liabilities consist principally of trade debt." [Doc. 1, p. 13]. The list of creditors who have the 20 largest unsecured claims as per the Debtor [Doc. 1, pp. 8-10] is summarized in the table below:

|  | Name of Creditor and Complete Mailing Address, including Zip Code | Name, Telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Unsecured claim | U.S.B.C. District |
|---|---|---|---|---|---|
| 1 | Santa Barbara County Treasurer-Tax Collector 105 E. Anapamu St., Suite 109 Santa Barbara, CA 93102 | Vida McIsaac 805-568-2920 Vmcisaa@co.santa-barbara.ca.us | Taxes & Accrued Interest | $3,351,085.42 | Central District of California – Northern Division |
| 2 | Allen Matkins Leck Gamble 865 South Figueroa Street Suite 800 Los Angeles, CA 90017-2543 | James L. Meeder (415) 273-7471 jmeeder@allenmatkins.com | Professional Services | $1,848,934.99 | Central District of California - Los Angeles Division |
| 3 | Diamond McCarthy LLP 909 Fannin Street 37ᵗʰ Floor Two Houston Center Houston, Texas 77010 | Allan Diamond (713) 333-5104 adiamond@diamondmccarthy.com | Professional Services | $1,420,517.62 | Texas Southern |

| | Name of Creditor and Complete Mailing Address, including Zip Code | Name, Telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Unsecured claim | U.S.B.C. District |
|---|---|---|---|---|---|
| 4 | Santa Barbara County – APCD 260 North San Antonio Rd. Santa Barbara, CA 93110 | Aeron Arlin Genet (805) 961-8800 Fax: (805) 961-8801 | Trade Debt | $1,072,681.43 | Central District of California – Northern Division |
| 5 | Akin Gump Straus Hauer & Feld 1999 Avenue of the Stars Suite 600 Los Angeles, CA 90067 | Stephen D. Davis (713) 220-5888 sddavis@akingump.com | Professional Services | $783,188.44 | Central District of California - Los Angeles Division |
| 6 | Santa Barbara County P&D 123 East Anapamu Street Santa Barbara, CA 93101 | John Zorovich (805) 568-2519 Jzoro@co.santa-barbara.ca.us | Trade Debt | $703,708.05 | Central District of California – Northern Division |
| 7 | W. J. Kenny Corp C/O Allfirst Bankcorp Trust c/o M&T Bank One M&T Plaza Buffalo, NY 14203 | Contact name unknown (716) 842-5138 Fax: (716) 635-4230 | Royalties | $637,546.56 | New York Western |
| 8 | PG&E 77 Beale St San Francisco, CA 94177 | Denise A. Newton (661) 398-5950 DAN8@PGE.com | Trade Debt | $624,332.15 | California Northern |
| 9 | Ann Jenny Schupp C/O M H Whittier Corp. 1600 Huntington Drive South Pasadena, CA 91030 | Ann Jenny Schupp (714) 307-6108 Fax: c/o (626) 441-0420 | Royalties | $586,746.52 | Central District of California - Los Angeles Division |
| 10 | William W. Jenny Jr. 5101 East Camino Alisa Tucson, AZ 85718 | William W. Jenny Jr. (520) 299-6669 caramel@hotmail.com | Royalties | $565,714.00 | Arizona Bankruptcy |

| | Name of Creditor and Complete Mailing Address, including Zip Code | Name, Telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Unsecured claim | U.S.B.C. District |
|---|---|---|---|---|---|
| 11 | J.P. Morgan Chase Attn: Michael Kerney 450 West 33rd Street, 15th Floor Ref: 030057 Nassau Assoc-Saba New York, NY 10041 | Michael Kerney (212) 644-3206 Fax: (212) 759-1675 | Royalties | $499,048.75 | New York Southern |
| 12 | West Coast Welding & Constr. I 2201 Celsius Avenue Suite B Oxnard, CA 93030 | Michael Barbey (805) 701-5808 mbarbey@westcoastwelding.net | Trade Debt | $471,111.12 | Central District of California – Northern Division |
| 13 | Sherrill A. Schoepe 14974 Adams Dr. Pauma Valley, CA 92061 | Sherrill A. Schoepe (760) 742-3272 Agent: s.wetzler@musickpeeler.com | Royalties | $427,928.10 | California Southern |
| 14 | Andrew Kurth LLP 600 Travis Suite 4200 Houston, TX 77002 | David A. Zdunkewicz (832) 264-4107 DZdunkewicz@andrewskurth.com | Professional Services | $380,000.00 | Texas Southern |
| 15 | Larsen O'Brien LLP 555 South Flower Suite 4400 Los Angeles, CA 90071 | Robert C. O'Brien (213) 436-4865 ROBrien@larsonobrienlaw.com | Professional Services | $369,425.58 | Central District of California - Los Angeles Division |
| 16 | Victory Oil 222 West 6th Street Suite 1010 San Pedro, CA 90731 | Eric Johnson (310) 519-9500 Agent: smallbusinessteam@wolterskluwer.com | Royalties | $357,734.02 | Central District of California - Los Angeles Division |

| | Name of Creditor and Complete Mailing Address, including Zip Code | Name, Telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Unsecured claim | U.S.B.C. District |
|---|---|---|---|---|---|
| 17 | California Department of Conservation 801 K Street Sacramento, CA 95814 | Sharon Armstrong (916) 323-0427 Sharon.Armstrong@conservation.ca.gov | Production Assessments | $300,562.97 | California Eastern |
| 18 | Diane T. Walker 748 Oceanville Road Stonington, ME 04681-9714 | Diane T. Walker (207) 367-5103 Email/fax unknown | Royalties | $272,888.34 | Maine |
| 19 | Stoner Family Trust James G. Sanford Trustee 100 West Liberty Street, Suite 900 Reno, NV 89501 | James G. Sanford (775) 323-1326 Email/fax unknown | Royalties | $264,968.83 | Nevada |
| 20 | Charles C. Albright Trustee 729 West 16th Street #B8 Costa Mesa, CA 92627 | Charles C. Albright (949) 887-5885 calbright@juno.com | Royalties | $246,388.95 | Central District of California - Santa Ana Division |

The majority of these creditors (13/25) are in California,[2] and the majority of those California creditors (10/13) are in the Central District of California in particular. Of those, 5 are in the Los Angeles Division and 4 are in the Northern (Santa Barbara)

---

[2] The California creditors are 65% by number and 73% by dollar amount of claims. Diamond McCarthy is listed as a Texas creditor, but actually that firm represented the Debtor in a lawsuit in *United States of America vs. HVI Cat Canyon Inc.* in the United States District Court for the Central District of California -- Los Angeles Division and the lead attorney was from the Los Angeles office of Diamond McCarthy. *See* Docket attached as **Exhibit M**. Hunton Andrews Kurth is another law firm creditor, and it also has a significant Los Angeles office. https://www.huntonak.com/en/offices/los-angeles.html.

- 9 -

Division. Movants are 3 of the top 6 creditors, and one of Movants is the largest creditor.

Only one creditor, J.P. Morgan-Chase, is listed as being in the Southern District of New York. However, that bank has a major presence in Los Angeles and branches throughout the Central District of California, including multiple branches in Santa Maria, California, Santa Barbara, California, and other places within Santa Barbara County.

An Official Committee of Unsecured Creditors has been formed. All three of its members are located in or near Santa Barbara County. [Doc. 34].

The Debtor's list of 5 largest secured claims [Doc. 1, p. 14] is summarized, as per the Debtor, in the table below:

| Creditor's Name and Address | Amount of Claim | Estimated Value of Collateral Securing the Claim | Brief Description | U.S.B.C. District |
|---|---|---|---|---|
| UBS AG, London Branch 600 Washington Blvd. Stamford, CT 06901 | $114,010,875.80 | $115,000,000.00 | Lien for Financial Debt | Connecticut |
| GLR, LLC 45 Rockefeller Plaza Suite 2410 New York, NY 10111 | $104,214,033.26 | $105,000,000.00 | Lien for Financial Debt | Southern District of New York |
| Betty T. Yee, California State Controller Tax Administration Section PO Box 942850 Sacramento, CA 94250-5880 | $1,304,573.87 | $1,400,000.00 | Lien for Assessments | Eastern District of California |

| Creditor's Name and Address | Amount of Claim | Estimated Value of Collateral Securing the Claim | Brief Description | U.S.B.C. District |
|---|---|---|---|---|
| Santa Barbara County Treasurer-Tax Collector PO Box 579 Santa Barbara, CA 93102-0579 | $1,303,358.37 | $1,400,000.00 | Lien for property taxes | Central District of California – Northern Division |
| Northern California Collection Service, Inc. 700 Leisure Lane Sacramento, CA 95815 | $175,703.75 | $180,000.00 | Abstract of Judgment, Judgment Lien | Eastern District of California |

Thus, three of the five secured creditors are in California. Only one is listed in the Southern District of New York. That creditor is GLR, LLC, an insider and affiliate of the Debtor.

Notably, GLR, LLC is nowhere mentioned in the website of the Greran Group. As per its filings with the California Secretary of State, GLR, LLC is a Delaware entity registered to do business in California. **Exhibit N**. That Delaware entity is not registered to do business in New York and would not likely be able to register to do business in New York because there is an unrelated domestic New York entity that already has the name of GLR, LLC. Per the Debtor, the address of GLR, LLC in New York is 45 Rockefeller Plaza, Suite 2410, New York, NY 10111, which is a New York address of Randeep Grewal.

While the Debtor lists GLR, LLC as a secured creditor of the Debtor, the Trial Declaration of Dr. Joan K. Meyer states that GLR, LLC actually made loans to GIT, Inc. which then loaned money to the Debtor. **Exhibit O**, pp. 8-9. Exhibit 1 to Exhibit D to the Dr. Meyer Trial Declaration shows that there are five corporate layers between Grewal and the Debtor. **Exhibit O**, page 257 of 267.

The Debtor's list of property in the possession or custody of a third party [Doc. 1, p. 18] shows that all such property is held in California.

The Debtor's list of judgments and seizures of property that may be potentially imminent shows that all, or the vast majority, are in California. [Doc. 1, p. 21].

Below is a table of the litigation involving the Debtor of which the Movants are aware. The Movants were not able to locate the dockets for every case, but all but one of those cases they could locate are in California. The one litigation not in California is in Texas.

| Dkt. 1, Exhibit F to Declaration (p. 21 of 25, if applicable) | Case No. | Style | Court |
|---|---|---|---|
| *Northern California Collection Service, Inc. v. Debtor* | | | |
| *Commercial Trade, Inc. v. Debtor, et al* | BCV-16-101019 | *Commercial Trade, Inc. v. Greka* | Superior Court of California, County of Kern (Retrieved from Kern Co. Court Case Search Portal https://odyprodportal.kern.courts.ca.gov/PORTALPROD/Home/WorkspaceMode?p=0.) |

| Dkt. 1, Exhibit F to Declaration (p. 21 of 25, if applicable) | Case No. | Style | Court |
|---|---|---|---|
| *Union Oil Company of California DBA Unocal v. Debtor, et al* | 1125964 | *Union Oil Company of California dba Unocal v. Greka Integrated Inc., Greka Realty, Capco Resources, Inc., Saba Petroleum, Inc., Greka AM Inc., Santa Maria Refining Company, Greka Energy Corporation, Saba Petroleum Company, Saba Energy of Texas Inc., Greka CA Inc., and Greka SMV Inc.* | Superior Court of California, County of Santa Barbara, Santa Maria - Cook Division (Retrieved from Santa Barbara Co. Court Case Search Portal https://portal.sbcourts.org/CASBPORTAL/Home/WorkspaceMode?p=0.) |
| *Corson v. Debtor, et al* | 16-cv-01872 | *Brian Corson v. Greka Integrated Inc., HVI Cat Canyon Inc., and Greka Refining Co.* | Superior Court of California, County of Santa Barbara, Santa Maria - Cook Division (Retrieved from Santa Barbara Co. Court Case Search Portal https://portal.sbcourts.org/CASBPORTAL/Home/WorkspaceMode?p=0.) |
| *Santa Barbara County Air Pollution Control District v. Debtor* | 19-cv-01372 | *Santa Barbara County Air Pollution Control District and Aeron Arlin Genet, Air Pollution Control Officer v. HVI Cat Canyon, Inc.* | Superior Court of California, County of Santa Barbara – Anacapa Division (Retrieved from Santa Barbara Co. Court Case Search Portal https://portal.sbcourts.org/CASBPORTAL/Home/WorkspaceMode?p=0.) |

| Dkt. 1, Exhibit F to Declaration (p. 21 of 25, if applicable) | Case No. | Style | Court |
|---|---|---|---|
| *Hunton Andrews Kurth, LLP v. Debtor, et al* | 3:18-ap-03053 | *Hunton Andrews Kurth LLP v. HVI Cat Canyon, Inc. and RILP-H, LCC* | United States Bankruptcy Court for the Northern District of Texas (Retrieved from Pacer Portal https://ecf.txnb.uscourts.gov/cgi-bin/DktRpt.pl?470284347562039-L_1_0-1.) |
| *West Coast Welding & Construction v. Debtor, et al* | 56-2017-00496706-CU-BC-VTA | *West Coast Welding v. Greka Integrated, Inc., GIT Inc., Randeep S. Grewal, and HVI Cat Canyon, Inc.* | Superior Court of California, County of Ventura (Retrieved from Ventura Co. Court Case Search Portal http://www.ventura.courts.ca.gov/CivilCaseSearch/CaseReport/56-2017-00496706-CU-BC-VTA.) |
| *U.S., et al v. Debtor* | 2:11-cv-05097 | *United States of America, People of the State of California, California Department of Fish and Wildlife, California Regional Water Quality Control Board Central Coast Region v. County of Santa Barbara (Movant, Non Party) and Salud Carbajal (Movant, Non Party) v. HVI Cat Canyon Inc. fka Greka Oil and Gas Inc.* | United States District Court, Central Division of California, Western Division – Los Angeles (Retrieved from Pacer Portal https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?12053281860763-L_1_01.) |

| Dkt. 1, Exhibit F to Declaration (p. 21 of 25, if applicable) | Case No. | Style | Court |
|---|---|---|---|
| | 30-2019-01079204-CU-BC-CJC | *Jane Adams v. HVI Cat Canyon* | Superior Court of California, County of Orange (Retrieved from Orange Co. Court Case Search Portal https://ocapps.occo urts.org/CourtIndex /case_details_civil.js p?cn=30-2019-01079204-CU-BC-CJC&pi=#ocDetails A.) |
| | COS1900284 | *Epley Irrevocable Trust v. HVI Cat Canyon* | Superior Court of California, County of Riverside (Retrieved from Riverside Co. Court Case Search Portal http://public-access.riverside.court s.ca.gov/OpenAccess /Civil/CivilCaseRep ort.asp?CourtCode= A&RivInd=RIV&Ca seType=COS&Case Number=1900284.) |
| | Case No. 8:19-cv-00211 | *HVI v. DXP Enterprises* | United States District Court, Central Division of California, Southern Division – Santa Ana (Retrieved from Pacer Portal https://ecf.cacd.usco urts.gov/cgi-bin/DktRpt.pl?56483 3385282134-L_1_0-1.) |

- 15 -

| Dkt. 1, Exhibit F to Declaration (p. 21 of 25, if applicable) | Case No. | Style | Court |
|---|---|---|---|
| | 18STSC12858, 18STSC09965 | *Daniel May v. HVI Cat Canyon* | Superior Court of California, County of Los Angeles (Retrieved from Los Angeles Co. Court Case Search Portal http://www.lacourt. org/casesummary/ui /casesummary.aspx?c asetype=familylaw.) |
| | 30-2018-00979372-CU-BC-CJC | *Tony DeMaira Electric v. HVI Cat Canyon* | Superior Court of California, County of Orange (Retrieved from Orange Co. Court Case Search Portal https://ocapps.occo urts.org/CourtIndex /case_details_civil.js p?cn=30-2018-00979372-CU-BC-CJC&pi=#ocDetails A.) |
| | 56-2017-00500700-CU-BC-VTA | *Associated Pacific v. HVI Cat Canyon* | Superior Court of California, County of Ventura (Retrieved from Ventura Co. Court Case Search Portal http://www.ventura. courts.ca.gov/CivilCa seSearch/CaseReport /56-2017-00500700-CU-BC-VTA.) |

The Debtor is named after Cat Canyon. Cat Canyon is a large oil field located in the central part of Santa Barbara County. https://en.wikipedia.org/wiki/Cat_Canyon_Oil_Field.

- 16 -

## ARGUMENT AND AUTHORITIES

The Debtor asserts that venue is appropriate under 28 U.S.C. § 1408(1). That is, the Debtor checked the box that "Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. [Doc. 1, page 3]. The Debtor concedes it does not have any assets in the Southern District of New York [Doc. 1, page 20], so venue hinges on domicile or principal place of business.

For purposes of venue, the "domicile" of a corporation is generally held to be its state of incorporation. *In re FRG, Inc.*, 107 B.R. 461, 471 (Bankr. S.D.N.Y 1989)("Since a corporation's domicile is generally held to be its state of incorporation, FRG, a Pennsylvania Corporation, is clearly not 'domiciled' in New York."), citing *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957). The Debtor is a Colorado corporation, so **New York is not its domicile** and venue cannot be predicated on domicile.

The principal place of business is defined by the United States Supreme Court as follows:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's [*93] activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters--

- 17 -

> provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Here, there is no question that the nerve center of the Debtor is its corporate headquarters in Santa Maria, California. The alleged New York office of the Debtor is simply the office of companies that are multiple layers removed from the Debtor and the "family office" of the principal director. Venue of this case cannot be predicated on principal place of business.

Because the tests for venue under § 1408 are not met, this case should not have been filed in the Southern District of New York. It should only have been filed in Colorado, where the Debtor has its domicile, or in the Central District of California, where the Debtor has its principal place of business and all of its assets.

Where a case is filed in an improper district, Rule 1014(a)(2) provides:

> If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Movants would not oppose dismissal of this case, but this motion requests only a transfer of venue.

For transfers of venue, whether the case was filed in a proper district or not, Rule 1014(a)(1) and (a)(2) both provide that "the court may transfer the case to any

- 18 -

other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties." This language mirrors 11 U.S.C. § 1412: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Section 1412 is written in the disjunctive, meaning that each of the two prongs – "in the interest of justice" or "for the convenience of the parties" – constitutes an independent ground for transferring venue. *In re Patriot Coal Corp*, 482 B.R. 718, 738-39 (Bankr. S.D.N.Y. 2012).

The interest of justice prong sets forth a broad and flexible standard. *In re Dunmore Homes, Inc.*, 380 B.R. 668, 670 (Bankr. S.D.N.Y. 2008); *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990). Under the interest of justice prong, courts consider whether (i) transfer would promote the economic and efficient administration of the bankruptcy estate; (ii) the interests of judicial economy would be served by the transfer; (iii) the parties would be able to receive a fair trial in each of the possible venues; (iv) either forum has an interest in having the controversy decided within its borders; (v) the enforceability of any judgment would be affected by the transfer; and (vi) the plaintiffs [*672] original choice of forum should be disturbed. *In re Dunmore Homes,* 380 B.R. at 671-72.

- 19 -

The convenience of parties prong also has six factors: (i) proximity of creditors of every kind to the court; (ii) proximity of the debtor; (iii) proximity of witnesses necessary to the administration of the estate; (iv) location of the assets; (v) economic administration of the estate; and (vi) necessity for ancillary administration if liquidation should result. *Id.* at 672.

A discussion of the factors under each of the two prongs follows:

### In The Interest Of Justice

(i)     <u>The transfer would promote the economic and efficient administration of the bankruptcy estate.</u> There is no reason to believe that the bankruptcy court in Santa Barbara or in Los Angeles would handle this case any less efficiently or economically than this Court. In another case in which the debtors were incorporated in California and were not registered to do business in the state in which the bankruptcy was filed, the court transferred venue to the bankruptcy court in California, finding, among other things, that it was far more appropriate for a federal court in California to deal with the debtor's issues because most of those issues would be governed by California law. *In re West Coast Interventional Pain Med., Inc.*, 435 B.R. 569, 585 (Bankr. N.D. Ind. 2010). Here, there are a myriad of state regulatory and legal issues now pending vis-à-vis this Debtor. A court familiar with California law should be deciding those matters.

- 20 -

(ii)     <u>The interests of judicial economy would be served</u>. This Court has heard

first day motions, but very little else has taken place in the case. A Committee was just

formed, and counsel has not yet appeared on its behalf. In the *Dunmore Homes* case,

the venue transfer motion was filed after the first day motions were ruled upon. The

court rejected the argument that because it had become somewhat familiar with the

debtor due to having considered those first day motions it would not be appropriate

to transfer venue. "Accepting the Debtor's argument would effectively mean that

anytime a court has ruled on first day motions it should deny a subsequent transfer

motion (necessarily filed after the first day) because of the learning curve a new court

would have to get up to speed. This result would eviscerate the transfer venue statute,

28 U.S.C. § 1412." *Dunmore Homes*, 380 B.R. at 674. In *Dunmore Homes*, as in this case,

there is already significant litigation against the Debtor pending in California. The

court held:

> Both courts have the capacity to handle this case and provide a fair
> proceeding. However, because cases are already pending in California
> state courts against some of the Debtor's Subsidiaries (but stayed as to
> the Debtor), and many issues in this case are likely to be governed by
> California law, judicial economy would be better served if all cases were
> pending in California."

*Dunmore Homes*, 380 B.R. at 674. The same is true in the Debtor's case.

(iii)     <u>The parties would be able to receive a fair trial in each of the possible</u>

<u>venues</u>. This does not appear applicable in this bankruptcy main case. To the extent

- 21 -

any adversary proceedings are filed, there is no reason to believe that the bankruptcy court in Los Angeles or in Santa Barbara would not give a fair trial.

(iv)    <u>Whether either forum has an interest in having the controversy decided within its borders</u>. The Central District of California has a strong interest in having this case administered there because most of the creditors and all of the Debtor's assets and operations are located there.

(v)    <u>Whether the enforceability of any judgment would be affected by the transfer</u>. This does not appear applicable in this bankruptcy main case. To the extent any adversary proceedings are filed by the Debtor, any Plan Trustee, or other parties, they are most likely to involve California parties. For example, the Debtor property in the hands of third parties is all in California. [Doc. 1, p. 18].

(vi)    <u>Whether the plaintiff's original choice of forum should be disturbed</u>. Considering the "plaintiff" as the Debtor, there is a reason to disturb the Debtor's choice of forum. The Debtor does not have any corporate existence or privileges in New York. Venue is non-existent, or highly-tenuous at best.

## Convenience Of Parties

(i)    <u>Proximity of creditors of every kind to the court</u>. As discussed above, with very few exceptions, all the creditors are either in the Central District of California or proximate to it. It appears New York was chosen because GLR, LLC, an

- 22 -

affiliate of and purported lender to the Debtor, claims to be located there. GLR, LLC is not registered to do business in New York, but is registered in California. Regardless, the proximity of a single non-debtor affiliate should not override the proximity of the main body of creditors. *See also Dunmore Homes*, 380 B.R. at 673 (venue transferred to California where "Dunmore New York's only other 'connection' to New York is that the headquarters of Bank of New York, the indenture trustee of the Debtor's subordinated notes, is located here."). In *Dunmore Homes*, venue was transferred from the Southern District of New York to the Eastern District of California because, among other reasons, "[f]urther financing for a purchase of assets or a wind down of the business is just as likely to come from California as New York since the Debtor's main assets are the California real estate owned by its Subsidiaries." *Dunmore Homes*, 380 B.R. at 672. The California creditors could possibly appear by telephone, though this takes special permission for each hearing, but:

> Many creditors will still want counsel to be physically present at hearings either because they are the moving parties for motion under consideration or for the more general benefits that come from attending hearings in person such as the ability to observe the court, witnesses and other parties in interest. As a result, despite technological advances there are limitations on the quality of participation for a large number of creditors located exclusively in California if they do not incur the additional expense of New York counsel or have their California counsel travel to New York for hearings.

*Dunmore Homes*, 380 B.R. at 675. The *Dunmore Homes* court found that the California

venue would be just as convenient to institutional creditors, "[h]owever, the majority

of trade creditors would not have to travel very far if venue was transferred to

California." *Dunmore Homes*, 380 B.R. at 676.   In the *Patriot Coal* case, the court

transferred venue to the Eastern District of Missouri, despite many creditors and the

committee joining with the debtors in opposition to the motion, where the lead

debtor was incorporated and therefore domiciled in New York, but did not have any

business operations or office in New York and the corporate headquarters was in St.

Louis and several members of the executive management were located there. *In re*

*Patriot Coal Corp*, 482 B.R. 718, 738-39 (Bankr. S.D.N.Y. 2012).   The fact that GLR,

LLC lists a New York residence of Randeep Grewal as one of its addresses should not

have a bearing in this case. GLR, LLC's other address is in Santa Maria, California,

where it is authorized to do business. Moreover, Mr. Grewal also has a large residence

in Santa Barbara County as well as a vineyard there.

(ii)    <u>Proximity of the debtor</u>. As stated above, this Debtor has no existence in

the Southern District of New York and has its entire existence in the Central District

of California with the exception of its corporate domicile in Colorado. An instructive

case is *In re West Coast Interventional Pain Med., Inc.*, 435 B.R. 569, 575 (Bankr. N.D. Ind.

2010). In that case, even though the chief executive of the corporate debtors made all

their decisions from where he resided, in Indiana, the debtors were California

corporations and never applied for or were authorized to do business in Indiana. *Id.*

The court transferred venue to the Southern District of California. *Id.* at 585. The

location of witnesses is also to be considered by the Court under this factor. The

witnesses of the Debtor who would need to testify, such as Mr. Dimitrijevic, are in

California. *See Dunmore Homes*, 380 B.R. at 675.

(iii)    <u>Proximity of witnesses necessary to the administration of the estate</u>. The

executives and other employees who run the Debtor are located in the Central

District of California. If Mr. Grewal needs to testify, he has a residence in Santa

Barbara County.

(iv)    <u>Location of the assets</u>.    All of the Debtor's assets are located in the

Central District of California; none are located in the Southern District of New York.

The vast majority of those assets are oil and gas leases, which are interests in real

property. [Doc 14, p. 1 "Debtor is the owner and operator of producing oil and gas

interests in California."]. Where a debtor's assets consist of real property, cases have

held that transfer of venue is proper because matters concerning real property have

always been of local concern and traditionally are decided at the situs of the property.

*In re Enron*, 284 B.R. 376, 392 (Bankr. S.D.N.Y. 2002)(citations omitted); *Dunmore*

*Homes*, 380 B.R. at 673.

- 25 -

(v)    <u>Economic administration of the estate</u>.  As stated above, there is no reason to believe that the bankruptcy court in Santa Barbara or in Los Angeles would handle this case any less efficiently or economically than this Court. Given that witnesses to be examined are in the Central District of California, as are most creditors, considerable efficiency should be gained by a transfer.

(vi)    <u>Necessity for ancillary administration if liquidation should result</u>.  If this case results in liquidation, as did the related case of Rincon Island Limited Partnership, all of the Debtor's assets are located in the Central District of California. That is where a trustee should be appointed and where the assets should be liquidated. Part of the court's reason for transferring venue in *Dunmore Homes* was that "[a]nyone purchasing or financing the business in all likelihood is going to have to conduct most of the necessary due diligence in California." *Dunmore Homes*, 380 B.R. at 672.

## CONCLUSION

If the Court does not dismiss this case, the decision to transfer venue is within the discretion of the Court. A court should base its venue analysis on the facts underlying each particular case. *In re Dunmore Homes, Inc.*, 380 B.R. 668, 670 (Bankr. S.D.N.Y. 2008). Movants submit that the Court should exercise its discretion to transfer the venue of this case. Not transferring venue might even be an abuse of

discretion, especially where the Debtor has no domicile or principal place of business

in New York. As stated by the court in *Dunmore Homes*,

> Considering the jurisdictional issues of potential judgment and subpoenas in this case, all parties would be subject to the jurisdiction of California courts by virtue of either their domicile in the case of the trade creditors or sufficient contacts in the case of the institutional investors that conduct business there on a regular basis. As a result, while the Debtor's selection is valid under § 1408 and accorded great weight, the overall circumstances of the case show by a preponderance of the evidence that transfer of venue is in the interest of justice in this case. Indeed, the thin nexus of the Debtor to the Southern District of New York, and the overwhelming contacts between the Debtor and Eastern District of California, combined with no overriding factors making it substantially more likely that the debtor's prospects for a successful reorganization would be enhanced if this Court were to retain jurisdiction, raise serious questions whether the Court would abuse its discretion if it denied the motion to transfer venue in the interests of justice.

*Dunmore Homes*, 380 B.R. at 675-76. The present case is even stronger because the

Debtor's connection with New York may not be "thin" but nonexistent.

Movants request that this bankruptcy case be transferred to the Central District

of California and for such other relief to which they are entitled.

Dated:  August 14, 2019                    Respectfully submitted,

                                           SNOW SPENCE GREEN LLP

                                           By: */s/ Ross Spence*
                                               W. Ross Spence
                                               State Bar No. 18918400
                                               Email: ross@snowspencelaw.com
                                               Carolyn Carollo
                                               State Bar No. 24083437

- 27 -

Email: carolyncarollo@snowspencelaw.com
2929 Allen Parkway, Suite 2800
Houston, TX  77019
Telephone: (713) 335-4800
Telecopier: (713) 335-4848

**ATTORNEYS FOR COUNTY OF
SANTA BARBARA, CALIFORNIA
HARRY E. HAGEN, AS
TREASURER-TAX COLLECTOR OF
THE COUNTY OF SANTA
BARBARA, CALIFORNIA AND THE
SANTA BARBARA COUNTY AIR
POLLUTION CONTROL DISTRICT**

I:\Client\SBCO0006 HVI Cat Canyon\BK\Motion to Transfer Venue\Motion to Transfer Venue rev.doc