**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**Melissa A. Guseynov (mag@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Proposed Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 Case |
| | ) |
| HVI CAT CANYON, INC., | ) Case No. 19-12417 (MEW) |
| | ) |
| Debtor. | ) |

**DEBTOR'S MOTION SEEKING ENTRY OF AN ORDER SHORTENING TIME TO CONSIDER DEBTOR'S MOTION UNDER BANKRUPTCY CODE SECTIONS 363(A), (B), (F) AND (M) AND BANKRUPTCY RULES 2002, 6004 AND 9004, AND L.B.R. 6004-1: (I) AUTHORIZING DEBTOR TO SELL PROPERTY KNOWN AS THE REDU ASSET BY PRIVATE SALE; (II) SCHEDULING A HEARING TO APPROVE SUCH SALE; AND (III) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH HEARING**

TO:  THE HONORABLE MICHAEL E. WILES
       UNITED STATES BANKRUPTCY JUDGE

HVI Cat Canyon, Inc., as debtor and debtor in possession ("Debtor"), in support of Debtor's Motion seeking entry of an Order under sections 363(a), (b), (f) and (m) of title 11 of the United States Code ("Bankruptcy Code"), Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 6004-1 of the Local Bankruptcy Rules, (i) authorizing Debtor to sell property known as the REDU Asset (as such term is defined below) by private sale, free and clear of all liens, claims and encumbrances with such liens, claims and encumbrances to attach to the proceeds of the sale; (ii) scheduling a hearing to approve such sale; and (iii) approving the manner and extent of notice of such hearing; together with such other and further relief as this Court deems just and proper; and respectfully represents as follows:

## BACKGROUND

1.     On July 25, 2019, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor is authorized to continue to operate its business and manage its properties as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors ("Creditors' Committee") was appointed in this chapter 11 case.

2.     Debtor is the owner and operator of producing oil and gas interests in California. Debtor owns an approximate 100% working interest and an average 85% net revenue interest in several oilfields in the Santa Maria Valley of Santa Barbara County, North Belridge in Kern County, and Richfield East Dome Unit in Orange County. Debtor's assets include: (a) fee and leased mineral acreage, (b) oil and gas wells, (c) compressor plants, (d) tank batteries, and (e) an extensive pipeline infrastructure. Debtor was formed as a Colorado corporation in 1997 and employs approximately 50 individuals.

3.     The Richfield East Dome Unit ("REDU"), is located in the Richfield Field in Orange County, California.  REDU has had continuous oil production since the field's discovery in the 1920's. The field was unitized in 1969 amongst independent producers, with Texaco as operator. Debtor has been the owner and operator of the REDU Asset since 1999 and without any significant environmental and regulatory impacts.

4.     Today, there are a total of 139 wells (85 oil and gas producers and 54 water injectors) within REDU. The field spans approximately 568 mineral acres across three cities: Anaheim, Yorba Linda, and Placentia. These cities are amongst the prestigious residential communities within Orange County. As the population in Southern California grew over the decades, the once-rural properties surrounding REDU were eventually developed with residences

2

coming as close as possible to REDU's footprint. REDU's operations are a complex array of equipment and pipeline infrastructure that snakes its way through high-end apartment complexes, schools, parks and multi-family dwellings, in densely populated neighborhoods.

5.     In December 2017, the California Department of Conservation, Division of Oil, Gas and Geothermal Resources ("DOGGR") – which  has oversight of REDU's operations – issued Order No. 1119 to Debtor to stop injection, remediate project issues, take preventative measures, impose a civil penalty and to post a "Life of" bond.  The Order has been amended twice since then resulting in Order No. 1119C, as corrections by DOGGR have been made in acknowledgment of Debtor's interim compliance with the Order.  However, Debtor's requirement to file a "Life of" bond continues to be required in Order 1119C in the approximate amount of $39 million which is the cost estimated by DOGGR to plug the REDU wells and remediate the subject properties. It is Debtor's understanding that if the REDU Asset were sold pursuant to which a new operator would replace Debtor, DOGGR would waive or cancel the "Life of" bond requirement. Absent such sale, HVI would have to fund $39 million to either post a "Life of" bond in compliance with Order 1119C or, failing such bond posting and having to shut in the field as a result, plug the wells and remediate the properties.

6.     Debtor entered into an Agreement of Sale and Purchase ("Purchase Agreement" with REDU Holdings, LLC ("Buyer") to acquire the REDU Asset for $1.25 million, in its present "as is where is" condition, and to assume all liability arising from its ownership, operation and use of REDU, as well as such claims in Order No. 1119C (excluding the claim to pay a civil penalty). The consummation of this transaction would eliminate remedial costs totaling approximately $39 million, to the benefit of Debtor's estate and creditors.  To the best of Debtor's knowledge, the

3

new operator who would replace Debtor upon closing the sale is in good standing with DOGGR to take over REDU's operations.

<strong>RELIEF REQUESTED</strong>

7.  Debtor submits this Application seeking entry of an Order shortening time to consider Debtor's Motion for an order under sections 363(a), (b), (f) and (m) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9004, and Local Bankruptcy Rule 6004-1: (i) authorizing Debtor to sell property known as the REDU Asset by private sale, free and clear of all liens, claims and encumbrances with such liens, claims and encumbrances attaching to the proceeds of sale; (ii) scheduling a hearing to approve such sale; and (iii) approving the manner and extent of notice of such hearing; together with such other and further relief as this Court deems just and proper.

8.  Bankruptcy Code section 363(b) provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …". 11 U.S.C. §363(b). Bankruptcy Code section 363(b) is made applicable to a debtor in possession pursuant to Bankruptcy Code section 1107. *See* 11 U.S.C. §1107. A sound business justification must be demonstrated for a sale or use of assets outside the ordinary course of business. *See, e.g. Licensing By Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.*, 295 B.R. 726 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

10. Here, sound business reasons exist to justify selling the REU Asset to Buyer by private sale. Allowing Debtor to proceed with the proposed sale to Buyer will maximize the return to creditors by realizing funds for the estate and eliminating a significant remedial cost of approximately $39 million return.

4

## BASIS FOR RELIEF REQUESTED

11.     Debtor seeks to shorten the time for the scheduled hearing to consider the relief requested in the Motion because of the necessity of having an expedited hearing to approve the sale of the REDU Asset in order to enable DOGGR to waive or cancel the "Life of" bond requirement in Order No. 1119C. The hearing of Debtor's appeal of Order No. 1119Cis scheduled for August 26 through August 29, 2019 before an Administrative Law Judge. Any ruling to require the "Life of" bond will attach to the REDU Asset, making it essentially impossible for Debtor to sell the properties and, in turn, causing Debtor to plug the wells and remediate the properties at a cost of approximately $39 million.

12.     Accordingly, under these circumstances, cause exists for shortening the time for a scheduled hearing to consider the relief requested in the Motion. The Affidavit of Randeep S. Grewal ("Grewal Affidavit"), submitted in accordance with Local Bankruptcy Rule 9077-1, is annexed as Exhibit A.

**WHEREFORE**, it is respectfully requested that an expedited hearing with respect to the relief requested in the attached Motion be granted; together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
        August 27, 2019

 

**WELTMAN & MOSKOWITZ, LLP**
*Proposed Attorneys for Debtor/Debtor in Possession*

By: */s/ Michael L. Moskowitz*
    **MICHAEL L. MOSKOWITZ**
270 Madison Avenue, Suite 1400
New York, New York 10016
(212) 684-7800