**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**Melissa A. Guseynov (mag@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Proposed Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>　　　　　　　　　　Debtor. | Chapter 11 Case<br><br>Case No. 19-12417 (MEW) |

**APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT AND RETENTION OF CAPPELLO GLOBAL, LLC AND CAMDEN FINANCIAL SERVICES (d/b/a CAPPELLO GLOBAL) AS FINANCIAL ADVISORS TO THE DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC TO PETITION DATE**

TO:　THE HONORABLE MICHAEL E. WILES
　　　UNITED STATES BANKRUPTCY JUDGE

　　　HVI Cat Canyon, Inc., as debtor and debtor in possession ("Debtor"), respectfully represents as follows in support of this application ("Application"):

**BACKGROUND**

　　　1.　On July 25, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Debtor is authorized to continue to operate its business and manage its properties as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors has been appointed in this case.

　　　2.　Debtor is the owner and operator of producing oil and gas interests in California. Debtor owns an approximate 100% working interest and an average 85% net revenue interest in

several oilfields in the Santa Maria Valley of Santa Barbara County, North Belridge in Kern County, and Richfield East Dome Unit in Orange County. Debtor's assets include: (a) fee and leased mineral acreage, (b) oil and gas wells, (c) compressor plants, (d) tank batteries, and (e) an extensive pipeline infrastructure. Debtor was formed as a Colorado corporation in 1997 and employs approximately 50 people.

## JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are sections 327, 328, 330 and 1107 of the Bankruptcy Code, Rules 2014, 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York.

## RELIEF REQUESTED

4. By this Application, Debtor seeks entry of an order substantially in the form filed herewith authorizing the engagement of Cappello Global, LLC and Camden Financial Advisors (d/b/a Cappello Global) (collectively "Cappello Global") as Debtor's financial advisors to perform asset sales and other financial advisory services, *nunc pro tunc* to the Petition Date. If any securities are offered, they would be offered through Camden Financial Services (d/b/a Cappello Global, LLC), a member of FINRA and SIPC. The facts and circumstances supporting the relief requested herein are set forth in the Declaration of Alexander L. Cappello, Chairman and CEO of Cappello, in support of the Application ("Cappello Declaration"), which is attached hereto as Exhibit "A."

## CAPPELLO GLOBAL'S QUALIFICATIONS

5. Debtor has determined in its business judgment that it is in the best interest of its estate to obtain the services of an independent financial advisor. Debtor requires the services of an experienced financial advisor to assist in the sale of several of its oil fields to maximize value for its creditors. As a result of Cappello Global's expertise and successful history of providing bankruptcy advice and a broad range of financial advisory and consulting services in the energy arena, among others, Debtor seeks to retain Cappello Global to provide it with financial advisory services. Its significant relevant experience and expertise regarding Debtor's business will assist in providing effective and efficient services in this Chapter 11 case.

6. Cappello Global is an internationally recognized business, with a presence in New York, Los Angeles, Austin, Hong Kong, Seoul and Taipei. As described in greater detail in the Cappello Declaration, Cappello Global has advised both publicly- and privately-held clients on strategic, merger and acquisition, and financing transactions ranging in value from tens of millions to hundreds of millions of dollars in the energy, power, consumer products, services, heavy industry and manufacturing, real estate, gaming and hospitality, technology, media and telecom, and financial services, among others. Cappello Global's senior professionals have advised, developed, operated, invested in and served as board members in the energy industry. In addition, Cappello Global has provided financial advisory services in the energy arena, as described in the Cappello Declaration.

7. Debtor believes the employment of Cappello Global will assist in the sale of several of the Debtor's assets to maximize the value of these assets for the benefit of Debtor's creditors, and develop a plan of reorganization, within the parameters of the Bankruptcy Code.

**SERVICES TO BE PROVIDED**

8. The services to be provided by Cappello Global are set forth in the Engagement Letter between the Debtor and Cappello Global. A copy of the Engagement Letter is annexed as Exhibit "B." It is respectfully submitted that the Engagement Letter, as modified by the proposed order authorizing Cappello Global's retention ("Proposed Retention Order"), be reviewed in their entirety.

**COMPENSATION**

9. Subject to Court approval and in accordance with section 328(a) of the Bankruptcy Code, Debtor will pay compensation to Cappello Global in accordance with the terms and conditions set forth in the Engagement Letter, as modified by the Proposed Retention Order. According to the Engagement Letter, Debtor is not required to pay any retainer or engagement payments; compensation is determined based upon the type of transaction consummated as defined in the Engagement Letter. In addition, out-of-pocket expenses incurred by Cappello Global, whether or not the transaction is consummated, would be reimbursed by the Debtor's estate ("Compensation Structure"), as modified by the Proposed Retention Order.

10. Debtor understands Cappello Global intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules and any other applicable procedures of the Court.

11. Debtor believes the Compensation Structure described above is fair and reasonable as Cappello Global will not be compensated unless it successfully sells the assets which are identified to be sold; thus, eliminating the risk of saddling the Debtor's estate with potentially

significant administrative costs associated with financial advisory services compensated on an hourly basis regardless of the transaction's success.

12. In addition, the terms and conditions of the services were negotiated between the Debtor and Cappello Global at arm's length and reflects the parties' mutual agreement as to the substantial efforts that will be required in this engagement. The fees have been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort will be required by Cappello Global.

**BASIS FOR RELIEF**

*Retention of Cappello Global*

13. Debtor seeks approval of Cappello Global's retention and Compensation Structure pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor, "with the court' approval, may employ or authorize the employment of a professional person under section 327 … on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Thus, Bankruptcy Code section 328(a) permits the compensation of professionals, including financial advisors, on more flexible terms that reflect the nature of their services and market conditions.

14. Bankruptcy Rule 2014 sets forth the representations that must be made in a retention application as follows:

> The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or nay person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor,

creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

15. As discussed above and as set forth in the Cappello Declaration, Cappello Global satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code. Additionally, Debtor believes the terms and conditions of the services are fair, reasonable and market-based under the standards set forth on section 328(a) of the Bankruptcy Code.

16. Thus is no harm to the estate or creditors if Cappello Global is immediately retained to render such services since, according to the terms of the Engagement Letter, Cappello Global will not seek compensation unless it is successful in its efforts. Thus, the Debtor can proceed with its efforts to sell these assets, while not burdening the estate with compensation as an administrative expense in the event the sale of these assets is not consummated. Any delay in the Debtor's ability to quickly proceed with its efforts to sell these assets only increases the risk that the potential purchasers will lose interest and the value of the assets will decline to the detriment of creditors. The immediate retention of Cappello Global, who has extensive experience providing financial advisory services in the energy arena, is necessary to preserve the value of the Debtor's assets and avoid immediate and irreparably harm to the estate and creditors.

17. No previous request for the relief sought herein has been made by Debtor to this or any other Court.

**WHEREFORE** Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
August 27, 2019

**WELTMAN & MOSKOWITZ, LLP**
*Proposed Attorneys for Debtor/Debtor in Possession*

By: */s/ Michael L. Moskowitz*
     MICHAEL L. MOSKOWITZ
270 Madison Avenue, Suite 1400
New York, New York 10016
(212) 684-7800